

# Fourth Court of Appeals
## San Antonio, Texas

December 4, 2019

No. 04-19-00514-CR

George **LUCIO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 17-2556-CR-A
Honorable Gary L. Steel, Judge Presiding

# O R D E R

Appellant George Lucio's court-appointed attorney has filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which counsel asserts there are no meritorious issues to raise on appeal. Counsel sent copies of the brief and motion to withdraw to appellant and explained appellant's rights to review the record, file a pro se brief, and file a pro se petition for discretionary review if this court determines the appeal is frivolous. *See Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014). In addition, counsel's letter explained how to obtain the record and enclosed a motion for this purpose. *See id.*

Appellant has filed a motion to obtain a copy of the record. The motion is **granted**. We **order** the clerk of this court to send appellant, pro se, a copy of the record.

If Lucio desires to file a pro se brief, we **order** that he do so by **January 21, 2020.** If appellant files a timely pro se brief, the State may file a responsive brief no later than thirty days after appellant's pro se brief is filed in this court. Alternatively, if appellant does not file a timely pro se brief, the State may file a brief in response to counsel's brief no later than **January 3, 2020**.

We further **order** the motion to withdraw filed by appellant's counsel is held in abeyance pending further order of the court. *See Penson v. Ohio*, 488 U.S. 75, 80-82 (1988) (holding that a motion to withdraw should not be ruled on before appellate court independently reviews the record to determine whether counsel's evaluation that the appeal is frivolous is sound); *Schulman v. State*, 252 S.W.3d 403, 410-11 (Tex. Crim. App. 2008) (same); *see also Kelly*, 436 S.W.3d at 319 (appointed counsel's duties of representation do not cease when he files a motion to

withdraw; counsel must continue to "act with competence, commitment and dedication to the interest of the client" until the court of appeals grants the motion). Accordingly, no new attorney will be appointed for appellant at this time.

We **order** the clerk of this court to serve a copy of this order on appellant, his counsel, the attorney for the State, and the clerk of the trial court.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 4th day of December, 2019.

_____
MICHAEL A. CRUZ,
Clerk of Court